IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| FRED WAYNE KENT, #113 814 | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 2:05-CV-792-F |
| | (WO) |
| BOB RILEY, GOVERNOR OF AL., et al., | * |
| Defendants. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Fred Kent ("Kent"), files this action under 42 U.S.C. § 1983 while serving a sentence of life without parole entered on September 24, 1985, by the Circuit Court for Calhoun County, Alabama. On October 25, 2004 Kent, proceeding *pro se*, filed a motion for modification of his sentence pursuant to Ala. Code § 13A-5-9.1 and *Kirby v. State*, 899 So.2d 968 (Ala. 2004).[1] He asserts that without the benefit of a hearing or any presentation normally associated with a sentencing hearing, the trial court denied his motion for modification. According to Kent, since the decision in *Kirby*, Alabama state courts have overwhelmingly granted motions for modification which are filed by inmates with the assistance of counsel and/or which receive a hearing date. (Doc. No. 1.)

---

[1] In *Kirby*, 899 So.2d at 971-72, the Alabama Supreme Court held that Alabama trial courts have authority to consider inmates' motions for reduction of sentence under Ala. Code § 13A-5-9, as amended, which grants trial judges the authority to consider retroactively early parole sentences for non-violent, convicted offenders based on evaluations performed by the Alabama Department of Corrections and approved by the Alabama Board of Pardons and Paroles, provided that such offenders have no prior Class A felony convictions.

Kent complains that he has been denied arbitrarily the benefits of Ala. Code § 13A-5-9, as amended, which have been obtained by only those inmates with the financial ability to hire an attorney and/or receive a hearing. A fair reading of his complaint reflects that he alleges a violation of his Fourteenth Amendment rights as a result of the state trial court's alleged disparate application of § 13A-5-9 to impoverished prisoners.

## DISCUSSION

A civil action filed under authority of 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

It is clear from the allegations in the complaint that all the actions about which Plaintiff complains occurred within the jurisdiction of the United States District Court for the Northern District of Alabama. Although Defendants Riley and Campbell reside in the Middle District of Alabama, they are subject to service of process throughout the state and commonly defend suits in all federal courts of this state. Moreover, it appears from Plaintiff's recitation of the facts that a majority of witnesses and evidence associated with

2

this case are located in the Northern District of Alabama. Thus, the court concludes that from the face of the complaint, the proper venue for this cause of action is the United States District Court for the Northern District of Alabama.[2]

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.[3]

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 13, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

---

[2] In so ruling, this court does not scrutinize preliminarily the merits of Plaintiff's complaint against the named parties.

[3] This court makes no ruling on Plaintiff's motion for leave to proceed *in forma pauperis* as the assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 30th day of August, 2005.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE